SOL RABINOWITZ ET AL. *v.* THE CONNECTICUT
IMPORTING COMPANY

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND BALDWIN, JS.

---

Argued January 11—decided February 28, 1950.

*Vincent P. Dooley* and *Robert J. Woodruff,* for the appellants (plaintiffs).

*Edward L. Reynolds,* with whom, on the brief, was *John J. Kinney, Jr.,* for the appellee (defendant).

JENNINGS, J. Morris Brochin and Sol Rabinowitz each owned or controlled 1000 shares of stock in the defendant corporation. This comprised its total capitalization. On July 26, 1944, the plaintiffs, Rabinowitz and his wife, agreed to sell their stock to the defendant. The agreement was in writing. It set the price at $25,000 plus the book value of the shares as of July 28, 1944, as determined by Reuben Pollowitz, C. P. A., under a formula set forth in the agreement. Included in the determination of book value was merchandise owned by the defendant to be taken at cost. The two sections which caused the dispute read as follows: "3. (h) Federal, State and municipal taxes and assessments shall be apportioned and charged as a liability as of July 28, 1944. . . . 7. The sellers and said corporation agree to mutually release each other from all claims and demands whatsoever, except that if any claim is enforced against the said corporation based upon some legal liability to the United States Government or some governmental agency, which arose prior to the date of this agreement, then the sellers shall assume and pay their proportionate share of such liability." As is found, this and a supplemental agreement "were carefully prepared. All parties were diligent and thorough throughout the many days required to close the transaction and they were represented by separate groups of attorneys and accountants."

Pollowitz drew up a statement which conformed in all respects to the formula and the facts. He deter-

mined that the plaintiffs' stock was worth $155,668.68, and this sum, plus the agreed amount of $25,000, was paid to the plaintiffs by the defendant. The stock was delivered to the defendant. In preparing the statement, Pollowitz set up a reserve of $148,362.06 to meet the obligation for income taxes. His calculations were based on merchandise at cost as required by the contract. When the defendant filed its income tax return for the fiscal year ending August 31, 1944, the market value of merchandise rather than its cost was used as a base. This resulted in a tax the portion of which allocated to the part of the fiscal year preceding the date of the sale of the stock amounted to $107,125.15. The plaintiffs seek to recover one-half of the difference between the reserve set up by Pollowitz and the amount paid, or $20,618.45. The defendant claims that the contracts do not provide for this payment and that it is under no legal or moral obligation to pay.

The plaintiffs object that the defendant's defense is not available under the pleadings. No such claim was made on the trial. It is too late to raise such an issue after the case has been fully tried on the pleadings filed. Conn. App. Proc. § 26.

The plaintiffs practically admit that no specific provision of the contracts provides for the payment to them of one-half of any savings in the amount set aside as a liability for income taxes. They claim that the intention of the parties to share the savings in taxes is plain from the terms of the contract. They stress the principle "that whatever may be fairly implied from the terms or language of an instrument, is, in judgment of law, contained in it." *Lawler* v. *Murphy*, 58 Conn. 294, 309, 20 A. 457. The defendant, on the other hand, relies on the rule of interpretation which has been expressed as follows: "The intention of the parties to a contract is to be

determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. A promise not expressly made will not be read into the contract unless it arises by necessary implication from the provisions of the instrument." *Ives* v. *Willimantic,* 121 Conn. 408, 411, 185 A. 427.

While we have thus stated the principle in differing ways, its true meaning is that a provision may be read into a contract by implication when its language, read in connection with the circumstances of the parties, makes it apparent that the term sought to be implied was understood and intended by both parties. *Leventhal* v. *Stratford,* 121 Conn. 290, 295, 184 A. 587; *Rockwell* v. *New Departure Mfg. Co.,* 102 Conn. 255, 286, 128 A. 302; *Rifkin* v. *Safenovitz,* 131 Conn. 411, 415, 40 A. 2d 188. As stated above, there is no reference in the contract to a duty of the defendant to share its savings in income tax payments with the plaintiffs. There is nothing in the circumstances which requires the addition of this term to the contract.

The plaintiffs claim unjust enrichment. Their brief lacks neither emphasis nor clarity but it tells the truth without telling the whole truth. The changes are rung on the proposition that $148,000 in round figures was set aside for income taxes, that only $107,000 was paid and that half the difference belongs to the plaintiffs. The purpose of the contracts was to determine the fair value of the stock owned by the plaintiffs in accordance with the agreed formula. The plaintiffs seek to change one element of the formula without changing another, dependent, element. Concretely, the contract fixing the price of the stock required that inventory of merchandise be taken at cost. This resulted in an esti-

mated income tax of $148,000. Actually, the tax was figured on an inventory at market. This resulted in a tax paid of $107,000. The government lost the difference but the result to the plaintiffs would have been the same under either method. The savings in income tax by the second method would have been offset by the lower inventory resulting from the use of market value instead of cost with consequent reduction in the price paid to the plaintiffs. The trial court did not err in giving judgment for the defendant on the complaint.

As to the counterclaim, in 1946 the federal internal revenue department made assessments on the defendant for a deficiency in income tax payments for 1943 of $20,959.17, and for 1944 (to the date of the sale of the business) of $9779.28. In addition, a penalty was assessed for 1943 of $31,621.08. The penalty was ultimately abated and the balance paid by the application of credits earned during 1945 and 1946 as a result of operating losses and by cash.

In its counterclaim, the defendant claims one-half of these sums under § 7 of the contract quoted above. The plaintiffs claim that the defendant is not entitled to contribution because it did not pay these sums but applied income tax credits to liquidate them. The statement of undisputed findings shows that this claim is without merit. If the credits had not been used for this purpose, they would have been paid to the defendant. There was no provision in the contract which would have given the plaintiffs the right to recover these sums. The plaintiffs further claim that the assessments were not "enforced" against the defendant, as that word is used in the contract, but were compromised. Incidentally, the compromise resulted in a saving to the parties of over $31,000, a result of which the plaintiffs should not complain. It is true that the de-

fendant did not fight this assessment to the last ditch
but tried rather to make the best terms it could. How
favorable those terms were has just been stated. Be
that as it may, the finding does not treat of the en-
forceability of these assessments, although it appar-
ently assumes that they were enforceable. This is
doubtless because the plaintiffs' claim was not made
upon the trial. As appears in the claims of law, the
only defense interposed to the counterclaim was based
on the admitted fact that the assessments were satis-
fied by the application of tax credits earned. As has
been demonstrated, this defense is not valid. Under
these circumstances the claim that the assessments
were not "enforced" will not be considered. Conn.
App. Proc. § 44. The trial court was not in error in
concluding under all the circumstances that the plain-
tiffs should contribute to the additional impost.

The plaintiffs assigned certain rulings on evidence as
error. Two of the answers were favorable to them.
One question sought to test the credibility of the wit-
ness and its admissibility was within the court's dis-
cretion. The effect of the rest was to show that the
inventory was taken at cost in arriving at the trial bal-
ance which determined the value of the shares of stock
and at market value in arriving at the amount of in-
come tax actually paid. The plaintiffs claimed that
the agreement called for inventory at cost and that no
further explanations were relevant or admissible under
the general denial. They pleaded that they did not
know how much the defendant actually paid in income
taxes. In supplying this information, the defendant
was entitled to show how the figure was determined.
The plaintiffs also pleaded that the defendant should
not in equity and good conscience retain more than
one-half the savings over the estimate. This was de-
nied. The evidence was admissible to support the

defendant's claim that the allegation of the plaintiffs was untrue. There was no error in the rulings on evidence.

There is no error.

In this opinion the other judges concurred.