MORRIS BROCHIN *v.* THE CONNECTICUT IMPORTING COMPANY ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 7—decided December 19, 1950

*James O. Shea,* with whom, on the brief, were *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellant (plaintiff).

*William J. Galvin, Jr.,* for the appellees (defendants).

O'SULLIVAN, J. This action was returned to the Superior Court in New Haven County. The writ is dated March 16, 1949. The defendants are the Connecticut Importing Company (to be called the company), Ernest Dambrov, Meyer Hershman and Alexander Ward. No service was made on Ward, a nonresident, nor has he appeared. In speaking of the defendants, we shall refer only to Dambrov and Hershman.

The complaint alleges that on April 27, 1946, the plaintiff entered into a written agreement with Dambrov, Hershman and Ward for the sale, by the former to the latter, of all of the common stock of the company; that, pursuant to the agreement, the plaintiff is entitled to the proceeds of a certain judgment, rendered on March 11, 1949, in favor of the company against Sol Rabinowitz and his wife; that the defendants and Ward are the sole owners of the common stock of the company; and that they do not intend to pay over to the plaintiff the amount of the aforementioned judgment.

The defendants and the company entered special appearances and pleaded in abatement that a suit between the same parties and for the same cause of action was then pending in Hartford County. The court sustained the plea. From the judgment entered thereon the plaintiff has appealed.

The court found these facts: Prior to April 27, 1946, Brochin owned all of the common stock of the company. On that date he entered into a written agreement with the defendants to sell the stock to them. On December 9, 1948, the defendants instituted an action against Brochin returnable to the Superior Court in Hartford County. The action is still pending. The

complaint is predicated upon a claim of fraudulent representation in the procurement of the agreement. Pleadings were closed on February 10, 1949. On March 11, 1949, the Superior Court in New Haven County rendered judgment in *Rabinowitz* v. *Connecticut Importing Company* (No. 66814)[1] for the company to recover $16,291.38 on its counterclaim. From these facts and from an examination of the complaints in the present action and the Hartford action, the court concluded that the parties were identical and that each action involved the same cause of action because it was based on the same agreement.

The plaintiff maintains that the court erred in sustaining the plea in abatement because (1) the parties are not the same, (2) the parties are reversed, (3) the causes of action are different, and (4) the present action is reasonably necessary for the enforcement of his rights. The view which we take of the fourth claim makes unnecessary any opinion as to the merit of the others.

"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at the common law, good cause of abatement." *Hatch* v. *Spofford*, 22 Conn. 485, 494; *Cahill* v. *Cahill*, 76 Conn. 542, 547, 57 A. 284. "The rule forbidding the second action is not, however, one 'of unbending rigor, nor of universal application, nor a principle of absolute law. . . .' *Hatch* v. *Spofford* [supra]." *Farley-Harvey Co.* v. *Madden*, 105 Conn. 679, 682, 136 A. 586. It will not be applied "when to do so would be to deprive a creditor of the use in a fair manner of any proper remedy for the collection of his debt." *Dettenborn* v. *Hartford-National Bank & Trust Co.*, 121 Conn. 388, 393, 185 A. 82.

---

[1] The opinion in an appeal in this case appears in 136 Conn. 468.

Service in the present action was begun on March 16, 1949, by garnishment of the judgment debt owed by Rabinowitz and his wife to the company. At that time the company had not entered as a party plaintiff in the Hartford case. The abatement of the instant action destroyed the plaintiff's security for his debt. He was deprived of an advantage which the law intended he should have. *Dettenborn* v. *Hartford-National Bank & Trust Co.*, supra. This effect is of particular force where, as here, the parties are reversed. It is beside the question that the plaintiff might have stated his cause of action by way of a counterclaim in the Hartford case, obtained permission to cite in the company and sought an order to garnish the Rabinowitz debt. These steps would have been time-consuming and might well have cost him the opportunity of assuring, by summary proceedings of garnishment, the collection of any judgment he might obtain. The court erred in sustaining the plea.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.