CATHERINE MACKINNON v. LOUISE BURKE, ADMINISTRATRIX (ESTATE OF ANTHONY F. DeCORLETO)

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 134225

Memorandum filed January 21, 1964

*John J. Bracken,* of Hartford, for the plaintiff.

*Cornelius D. Shea* and *Cornelius J. Shea,* of Hartford, for the defendant.

HOUSE, J. The plaintiff filed an appeal from an order and decree of the Hartford Probate Court entered on an application for the removal of the defendant as administratrix of the estate of Anthony F. DeCorleto. The appeal recites the order from which the appeal is taken and by which the plaintiff claims to be aggrieved and that she is an heir at law of the decedent, all in accordance with Form No. 440 of the 1963 Practice Book. Thereafter, the plaintiff filed in this court her reasons of appeal, which substantially comply with the suggested Form No. 445 of the 1963 Practice Book—which form is entitled "Reasons of Appeal from Decree Refusing to Remove Administrator." The filing of the reasons of appeal is required by § 151 of the 1963 Practice Book.

The reasons of appeal, in brief, recite the blood relationship of the plaintiff to the decedent and that prior to the death of the decedent the defendant caused him to make certain real estate and bank account transfers, in survivorship form, to herself and another when he was aged, and seriously ill and incapable of exercising independent judgment and understanding the effect of such transfers. It is alleged that the defendant, who on the death of decedent was appointed administratrix of his estate, had a personal interest in the transferred property which conflicts with her fiduciary duties, rendering her incapable of executing such duties. It is further alleged that the defendant as administratrix has refused to inventory the transferred property as assets of the estate.

To the reasons of appeal, the defendant has demurred for nine stated causes. These include: (1) The reasons do not aver that the Probate Court abused its discretion in entering the order appealed from; (2) it is not alleged that the refusal to remove the defendant as administratrix will cause any special damage to the plaintiff; (3) by the appeal, the plaintiff is attempting to adjudicate title to real estate and the bankbooks; (4) there is already an action pending in this court involving the same property transfers; (5) there is lack of jurisdiction, and the reasons of appeal are of such a nature that they could not affect the interest of any heir at law; (6) the dismissal by the Probate Court of the plaintiff's attempt to have the administratrix removed could have no effect on any interest of an heir at law; (7) the reasons of appeal do not demonstrate or adequately claim that any alleged pecuniary interest was adversely "effected" [sic]; (8) it does not appear that any pecuniary interest of the plaintiff was affected to her disadvantage or why she is in reality an aggrieved party; (9) in the light of the pending case in this court, there is no possibility that any alleged interest of the plaintiff has been adversely affected.

Appeals from probate courts are purely statutory proceedings. See chapter 796 of the General Statutes. After the filing of the reasons of appeal, the pleadings "follow in analogy to civil actions." Practice Book, 1963, § 151. The law and practice applicable are well summarized in *Slattery* v. *Woodin*, 90 Conn. 48, 50: "Appeals from probate are not 'actions' or 'civil causes of actions, between party and party.' The accepted meaning of the term 'civil action' in this State is very well illustrated by the provision of our Practice Act . . . [General Statutes § 7813] that 'there shall be but one form of civil action, and the pleadings therein

shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint, and shall contain a statement of the facts constituting the cause of action, and a demand for the relief to which he supposes himself to be entitled.' Controversies arising in the Court of Probate in the course of the settlement of estates are not civil actions in the sense. They are not commenced by the service of process and no complaint or other pleadings are required. On the contrary, the parties to such controversies are not permitted to delay the settlement of the estate by instituting civil actions in the courts of general jurisdiction to determine their rights. Public interest requires that so far as the determination of their controversies is necessary to the settlement of the estate, they should be determined in the Court of Probate as matters incidental to such settlement, by the informal proceedings which are customary in those courts. Neither is an appeal from the Court of Probate to the Superior Court a civil cause or action. It has no more of the ordinary attributes of a civil action than the original proceedings in the Court of Probate. The rules of court require that the appellant, 'unless otherwise ordered,' shall file reasons of appeal, and that other pleadings 'may thereafter follow in analogy to civil actions.' . . . The phrase 'in analogy to civil actions' expresses the proper status of an appeal from probate, as a special proceeding authorized by statute, but not a civil action. Independently of the language of the rule, appeals from probate are not civil actions because it has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common-law jurisdiction. It tries the questions presented to it *de novo,* but in so doing it is not exercising the gen-

eral jurisdiction conferred upon it by the statutes on which the appellants rely. It is exercising a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate. It was solely by force of this statute that the appellants were able to reach the Superior Court at all; and when reached by that path the Superior Court is a tribunal which has no greater powers than those of the Court of Probate."

Technical rules as to the formation and determination of issues are not properly applicable to reasons of appeal from probate. *Reed* v. *Reed,* 80 Conn. 401, 407; *Harrison's Appeal,* 48 Conn. 202, 205; *St. Leger's Appeal,* 34 Conn. 434, 447. In one case where no reasons of appeal were even filed, the trial court nevertheless proceeded to hear the appeal although "the court was compelled to resort to the motion for appeal, supplemented by the evidence presented on the trial, to determine just what were the issues of fact involved in the case." *Nickerson* v. *Griffing,* 139 Conn. 720, 726.

It is also to be noted that any claims of jurisdictional defects should be raised by plea in abatement rather than demurrer. *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* 139 Conn. 733, 735. In the present instance, a plea in abatement has already been made and decided adversely to the defendant.

For the purposes of testing the present demurrer, these facts stand admitted: The plaintiff is an heir at law of the intestate decedent. When the decedent was incapable of exercising judgment and knowing and understanding the effect of his actions, the defendant caused him to transfer to her interest certain of his properties. By reason of her personal interests in these same properties, there is a conflict of interest between her personal interests and her duties as a fiduciary and she has therefore become

incapable of executing her trust and has refused, as such fiduciary, to inventory these properties as assets of the estate.

It certainly cannot as a matter of law be held that these allegations in the reasons of appeal fail to present to the Superior Court issues proper to be determined within its limited statutory jurisdiction on such appeals to determine whether in deciding the application before it the Probate Court legally and reasonably exercised the discretion vested in it. See *Baldwin* v. *Tradesmens National Bank,* 147 Conn. 656, 659.

The demurrer to the reasons of appeal is overruled.