[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#109)
I. FACTS
The following facts are alleged in the complaint. The plaintiff, Construction Services of Bristol, Inc., is a Connecticut corporation with offices in Bristol, CT Page 2645 Connecticut. The defendant CDC Equity Corporation ("CDC"), is a Connecticut corporation with offices in Farmington, Connecticut. CDC is the general partner of the withdrawn defendant, Sanseer Mill Associated Limited Partnership ("Sanseer Mill").
On April 6, 1986, the plaintiff and Sanseer Mill entered into a contract for the plaintiff to construct an office park in Middletown, Connecticut (the "project") on land owned by, Sanseer Mill (the "property").
On June 6, 1986, Sanseer Mill entered into a construction loan agreement with the Connecticut Bank and Trust Co., N.A. ("CBT") to finance the project.
On July 29, 1987, the plaintiff, Sanseer Mill and CBT entered into a three-party agreement to resolve certain disputes between the parties and to provide sufficient funds for the completion of the project. On the same day, the plaintiff and Sanseer Mill entered into a contract modification agreement. Pursuant to both agreements of July 29, 1987, Sanseer Mill agreed to make certain-payments to the plaintiff and to deliver to the plaintiff a promissory note from it in the original principal amount of $100,000.00 (the "note") to be secured by a mortgage on the property (the "mortgage") which it did on said date.
On September 12, 1988, the plaintiff filed a claim with the American Arbitration Association to resolve certain disputes which developed between the plaintiff and Sanseer Mill subsequent to July 29, 1987. One of the issues submitted to arbitration was whether the note was due and payable.
On or about April 20, 1990, the arbitrator issued a Memorandum of Decision and Award in which he found, inter alia, that Sanseer Mill had breached the three-party agreement of July 29, 1987, thereby causing it to be in default on the note. The arbitrator also found that the plaintiff could declare the entire amount of the note due and payable on default. The arbitrator found that the plaintiff had demanded payment of the note and ordered Sanseer Mill to pay the $100,000.00 due on the note to the plaintiff.
Sanseer Mill filed a motion to vacate the arbitration award in the Superior Court. The Superior Court, N. O'Neill, J., affirmed the arbitrator's finding that the note was due and payable. The court also found that the submission to the arbitrator did not authorize him to issue an CT Page 2646 order to pay and modified the award by deleting the order to pay.
The plaintiff argues that CDC is liable on the note because it is the general partner of Sanseer Mill.
On or about October 30, 1990, the plaintiff filed an action against Sanseer Mill (the "original action") demanding payment of the note and seeking to foreclose on the mortgage on the property securing the note. The plaintiff was awarded a prejudgment remedy in the original action in the amount of $100,000.00.
On January 2, 1991, Sanseer Mill paid $15,000.00 toward the outstanding principal and interest owed on the note. Sanseer Mill has made no other payments to the plaintiff.
On or about May 16, 1991, CBT instituted an action against Sanseer Mill ("CBT's action") alleging that Sanseer Mill was in default on a note held by CBT in the original principal amount of $1,925,000.00 ("CBT's note"). CBT's note was secured by a mortgage on the property. CBT's action seeks a foreclosure of the mortgaged property and a deficiency judgment. CDC is a defendant in CBT's action. CBT's mortgage in the property may be prior in right to the plaintiff's mortgage.
CBT appraised the property at $540,000.00. The plaintiff alleges that there is no equity in the property because the debt owed by Sanseer Mill to CBT far exceeds the value of the property and because CBT's mortgage may be prior in right to the plaintiff's mortgage.
The plaintiff believes that CDC and CDC related companies are attempting to transfer or encumber all of their assets in order to restructure their debts with creditors other than the plaintiff. The plaintiff argues that this restructuring will leave the plaintiff with an unsecured $100,000.00 note and without a source to look to for collection of the debt.
On December 26, 1991, the plaintiff filed this action (the "present action") against Sanseer Mill and CDC seeking an ex parte temporary restraining order and an injunction enjoining CDC from transferring or encumbering its assets. The plaintiff also seeks payment of the note, of which $96,487.30 was due and owing as of December 18, 1991, with interest continuing to accrue at the rate of 9% per annum. CT Page 2647
On December 26, 1991, the court, Mullarkey, J., denied the plaintiff's application for an ex parte temporary restraining order.
On January 10, 1992, the present action was withdrawn as to Sanseer Mill.
CDC has filed three timely motions to dismiss the present action on three grounds. First, CDC argues that the present action should be dismissed because the original action constitutes a prior pending action. Second, CDC argues that the present action should be dismissed because venue is improper under General Statutes Sec. 51-345. Third, CDC argues that the plaintiff lacks standing to bring this action on the note because the plaintiff assigned the mortgage securing the note on which it is suing to Community Savings Bank of Bristol, Connecticut.
II. DISCUSSION
A. In General:
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over subject matter. . . (3) improper venue. . . ."' Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646 (1990). A claim that the plaintiff "lacks standing is a challenge to the subject matter jurisdiction of the trial court." Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764, 767, 594 A.2d 468
(1991); Monroe v. Horwitch, 215 Conn. 469, 472,576 A.2d 1280 (1990). Furthermore, "a motion to dismiss is the proper vehicle to raise the issue of a prior pending action." Gaudio v. Gaudio, 23 Conn. App. 287, 294, 580 A.2d 1212
(1990). "The motion to dismiss. . . `admits all facts well pleaded, invokes the existing record and must be decided upon that alone."' Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988).
B. Prior Pending Action:
 "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court. Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981)." Solomon v. Aberman, [196 Conn. 359, 382, 493 A.2d 193 (1985); Halpern v. Board of Education, CT Page 2648 196 Conn. 647, 652, 495 A.2d 264 (1981)]. The prior pending action doctrine has evolved as "a rule of justice and equity"; Hatch v. Spofford, 22 Conn. 485, 494
(1853); and retains its vitality in this state in which "joinder of claims and of remedies is permissive rather than mandatory." Solomon v. Aberman, supra.
 . . . "`The rule forbidding the second action is not, however, one "of unbending rigor, nor of universal application, nor a principle of absolute law. . . ." Hatch v. Spofford, [supra].' [Citations omitted.]" Henry F. Raab Connecticut, Inc. v. J. W Fisher Co., supra, 113; Halpern Board of Education, supra, 653. "We must examine the pleadings to ascertain whether the actions are `virtually alike.' See Solomon v. Aberman, supra, 383." Halpern v. Board of Education, supra.
Beaudoin v. Town Oil Co., 207 Conn. 575, 583-84,542 A.2d 1124 (1988).
A determination of whether the pleadings are "virtually alike" must include an examination of whether "the party seeks to `obtain the same end or object'; Planning Zoning Commission v. Campanelli, [9 Conn. App. 534], 536 [, 520 A.2d 242 (1987)]; and to adjudicate the same underlying rights. Halpern v. Board of Education, supra, 655." Northern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93,96, 575 A.2d 711 (1990). "Our Supreme Court has held that superficial differences are not enough to overcome dismissal under the prior pending action doctrine." Id., 97. Differences in requested relief do not prevent the application of the prior pending action doctrine. Gaudio v. Gaudio, supra, 296. "Superficial differences in the parties are not enough to overcome dismissal under the prior pending action doctrine." Id.
However, the court may consider whether the plaintiff argues that the requested relief in the original action is inadequate or incomplete. Northern Homes Distributors, Inc. v. Grosch, supra, 97, citing Halpern v. Board of Education, supra, 655. Indeed, the prior pending action doctrine "will not be applied `when to do so would be to deprive a creditor of the use in a fair manner of any proper remedy for the collection of his debt.' Dettenborn v. Hartford-National Bank Trust Co., 121 Conn. 388, 393, CT Page 2649185 A. 82 [(1936)]." Brochin v. Connecticut Importing Co.,137 Conn. 350, 352, 77 A.2d 336 (1950). "Where, however, the plaintiff `could have so easily procured the advantage. . . which they did obtain in the second action by getting an order. . . in the first action . . . the second action . . . was unreasonable.' Cole v. Associated Construction Co.,141 Conn. 49, 56, 103 A.2d 529 (1954)." Kolodney v. Kolodney,2 Conn. App. 697, 700, 483 A.2d 622 (1984).
CDC argues that this action should be dismissed under the prior pending action doctrine. CDC argues that the original action, which named Sanseer Mill as the sole defendant and sought a foreclosure of the mortgage and payment of the note, and the present action, in which CDC is the sole remaining defendant and which seeks an order enjoining CDC from encumbering or transferring its assets, a declaratory judgment that the note is due and payable, and payment of the note, are "virtually alike." CDC argues that because both actions seek to adjudicate the same underlying rights and seek the same ultimate goals, to wit, payment of the note, the second action should be dismissed. CDC argues that the addition of CDC as a defendant in the present action is superfluous because, as Sanseer Mill's general partner, CDC is liable for any judgment rendered against Sanseer Mill in the original action.
In the present case, the plaintiff has alleged that the requested relief in the original action would be inadequate because there is no equity in the property. The plaintiff also argues that CDC is attempting to transfer or encumber all of its assets in order to stave off other creditors. The plaintiff further argues that the length of the process of citing CDC in as an additional defendant in the original action might cost it the opportunity of collecting the debt which it is owed.
Although the ultimate goal of both actions is identical, the differences in the parties and the types of relief sought are more than superficial because the timing of the present action against CDC is allegedly essential to the plaintiff's ability to secure its desired remedy. Given that the prior pending action doctrine is a rule of justice and equity and not of unbending rigor, it is decided that the plaintiff should be allowed to pursue what it deems to be the most efficacious method of collecting it debts. It is therefore found that the motion to dismiss based on the prior pending action doctrine should be denied.
C. Improper Venue: CT Page 2650
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert. . . (3) improper venue. . . .'" Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646 (1990). Venue in this case is controlled by General Statutes Sec.51-345 (c), which provides that:
 Actions by a corporation. In all actions by a corporation, except actions made returnable under subsection (b) of this section [controlling actions involving title to land, trespass to land and foreclosure of mortgages and liens], civil process shall be made returnable as follows:
 (1) If the plaintiff is either a domestic corporation or a United States corporation and the defendant is a resident, either, (A) to the judicial district where the plaintiff has an office or place of business or (B) to the judicial district where the defendant resides.
 (2) If the plaintiff is either a domestic corporation or a United States corporation and the defendant is a corporation, domestic or foreign, to the judicial where (A) the plaintiff has an office or place of business, (B) the injury occurred, (C) the transaction occurred, or (D) the property is located or lawfully attached. . . .
CDC argues that General Statutes Sec. 51-345 (c) (1) controls this action because Sanseer Mills was originally a defendant in this action. CDC further argues that neither CDC nor Sanseer Mill reside in Middlesex County. CDC argues that it is uncontested that the plaintiff's place of business is in Bristol, Connecticut which is in the judicial district of Hartford-New Britain. See General Statutes Sec.51-344(4). CDC argues that venue is therefore improper and that the present action should be dismissed.
The plaintiff argues that General Statutes Sec.51-345(c)(2) controls this action because both the plaintiff and CDC, the sole remaining defendant, are corporations. The plaintiff further argues that because the transaction CT Page 2651 took place in Middletown, Connecticut, the action was properly brought to the judicial district of Middlesex. See General Statutes Sec. 51-344(6).
General Statutes Sec. 51-345 (c)(2) controls this action. Both defendants are corporations. The fact that a limited partnership had once been a defendant in this action is irrelevant for purposes of the present motion to dismiss. General Statutes Sec. 51-345 does not define the scope of the phrase "transaction occurred." Furthermore, research has not revealed any cases on point.
"Common sense would dictate that the purpose of the venue statute is for the plaintiff to have some meaningful contact with the district where the action is brought . . . ." A. Petrucci Construction Co. v. Alaimo Excavators Blasters, Inc., 2 Conn. L. Rptr. 106, 107 (July 9, 1990, Fuller, J.). It is uncontested that the contract of April 6, 1986 and the modification of July 29, 1987 envisioned that millions of dollars of construction work would take place in Middletown, Connecticut. This work constitutes a meaningful contract with the judicial district of Middlesex.
Additionally, "`[v]enue requirements are created for the convenience of the litigants. . . .' State v. Orsini, 187 Conn. 264, 269, 445 A.2d 887, cert. denied,459 U.S. 861, 103 S.Ct. 136, 74 L.Ed.2d 116 (1982); 77 Am.Jur.2d, Venue Sec. 45." Cleveland v. U.S. Printing Ink, Inc., 21 Conn. App. 610, 618, 575 A.2d 257 (1990), affirmed,218 Conn. 181, 588 A.2d 194 (1991). The original action was brought in the judicial district of Middlesex. Given that there are admittedly many common issues of law and fact involved in both cases and that the remedy for improper venue is transfer under General Statutes Sec. 51-351; A. Petrucci Construction Co. v. Alaimo Excavators Blasters, Inc., supra; it is decided that venue in the judicial district of Middlesex is both convenient for the litigants and judicially economic. It is therefore found that venue is proper in the judicial district of Middlesex and that the motion to dismiss for improper venue should be denied.
D Lack of Standing:
 It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual CT Page 2652 or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy."' Ardmare Construction Co. v. Freedman, 191 Conn. 497, 501, 467 A.2d 674 (1983), quoting Hiland v. Ives, 28 Conn. Sup. 243, 245, 257 A.2d 822 (1966).
Unisys Corporation v. Department of Labor, 220 Conn. 689,693, ___ A.2d ___ (1991).
CDC argues that the plaintiff lacks standing to bring this cause of action because on October 13, 1989, it assigned its mortgage in the property to Community Savings Bank of Bristol, Connecticut. CDC argues that an assignment of the mortgage must include an assignment of the note. Therefore, CDC argues, the plaintiff no longer has an interest in the note.
The plaintiff argues that the assignment was merely a collateral assignment and that it retained its interest in the note.
Second National Bank of New Haven v. Dyer,121 Conn. 263, 269, 184 A. 386 (1936) is dispositive of this issue. The Dyer court held that an assignment of a mortgage did not necessarily constitute an assignment of the debt secured by the mortgage.
 Ordinarily, as between the indebtedness and the mortgage securing it, the indebtedness is the principal thing and the security incidental; an assignment of the debt carries with it the right and benefit of the security, though that be not assigned; and the assignment of the security apart from the debt transfers bare title, the beneficial interest in which remains with the owner of the debt. [Citations omitted.]
Id. CDC's reliance on the proposition that assignment of the mortgage must include an assignment of the note is mistaken. The plaintiff retains at least the beneficial interest in the mortgaged property and it is decided that this interest is sufficient to confer standing. It is further found that the motion to dismiss based on lack of standing should be denied. CT Page 2653
III. CONCLUSION
For the reasons herein stated, it is concluded that the motion to dismiss should be and is hereby denied.
It is so ordered.
ARENA, JUDGE