[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On March 10, 1995 the plaintiff filed this one count action against the defendant insurance company seeking payment of money damages arising out of an automobile accident which occurred on October 28, 1991 in Milford. The suit is based on alleged bad faith in the handling of a claim for underinsured motorists benefits as provided in an insurance policy issued by the defendant to the plaintiff.
Before the court at this time is a motion to dismiss this case based on the claim that there is a pending prior action between the same parties in which the same claim is being made.
The plaintiff does have pending at this time the case of FioreP. Strilbyckii v. Safeco Insurance Company of America, CV-93-352182, (prior action) which involves a four count complaint by the same plaintiff against the same defendant for underinsured motorists benefits under the same insurance policy for the same injuries received in the same accident as in the case at bar. The first count of that case seeks money damages for the injuries and losses allegedly incurred in the accident and as provided in the underinsured motorists provisions of the insurance policy. The second count, which is headed (CUIPA), makes the same claim as is made in the first count, and further claims that the activities of the defendant in refusing to settle the plaintiff's claim is a violation of the Unfair Insurance Practices Act (CUIPA). The third count is headed (CUTPA), and incorporates all of the allegations of the first and second counts, including the CUIPA claim, and then claims that the defendant's alleged activities in refusing to settle the plaintiff's claim is in violation of the Unfair Trade Practices Act (CUTPA). The fourth count is headed (Bad Faith), and incorporates all of the allegations of the first, second, and third counts, including both the CUIPA and CUTPA claims, and then further alleges that the defendant's alleged activities constitute bad faith in dealing with the plaintiff's claim. CT Page 4178
On January 17, 1995, the Court, Gray, J. granted the defendant's motion to strike counts 2, 3, and 4 from the prior action. On February 6, 1995 the plaintiff filed a "notice of intention and reservation of right to appeal". The notice states that the appeal is from the decision entered against the plaintiff on the defendant's motion to strike the fourth count of her complaint. Although Section 157 of the Practice Book allows the plaintiff to file a new pleading within fifteen days of the granting of a motion to strike, the plaintiff did not file a new pleading.
The basis of the motion to dismiss now before the court is the defendant's claim that the claim being advanced in this case is "virtually alike" the claim which was made in the fourth count of the prior action. The plaintiff does not dispute the fact that the parties are identical, or that both actions arise out of the provisions of the insurance policy issued by the defendant to the plaintiff and the accident which occurred on October 28, 1991. The plaintiff's claim is that this action "is founded in tort, involves different issues, and arises out of different facts and events than the breach of contract claim which is the subject of the" prior action.
 "By 1850, it was already `well settled, that the pendency of a prior suit between the same parties, for the same thing, [would generally] abate a latter suit; because, in such a case, the last is deemed to be unnecessary, and therefore vexatious.' Quinebaug Bank v. Tarbox, 20 Conn. 510, 515 (1850)." Kolodney v. Kolodney, 2 Conn. App. 697, 699-700, 483 A.2d 622 (1984); see also Halpern v. Board of Education, 196 Conn. 647, 652 495 A.2d 264
(1985). "When two separate lawsuits are `virtually alike' the second suit is generally dismissed on the basis of the prior pending action doctrine. Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981)." Planning Zoning Commission v. Campanelli, 9 Conn. App. 534, 536, 520 A.2d 242 (1987); Halpern v. Board of Education, supra, 652. "We must examine the pleadings to ascertain whether the actions are `virtually alike'"; Halpern v. Board of Education, supra, 653; that is, whether upon CT Page 4179 examination, the pleading reveals that the party seeks to "obtain the same end or object"; Planning Zoning Commission v. Companelli, supra, 536; and to adjudicate the same underlying rights. Halpern v. Board of Education, supra, 655.
Northern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93,95-96 (1990).
A comparison of the allegations of the fourth count in the prior action with the allegations in the instant case shows that the factual allegations in each complaint are identical. The only difference is that in the prior action the plaintiff improperly included in the fourth count legal conclusions that the defendant's activities, in addition to constituting bad faith, also were violations of CUIPA and CUTPA, which claims had already been made in the second and third counts. However, the essence of the fourth count was a claim of bad faith as is made clear by the heading of "Bad Faith" next to "Count Four". This is further shown by the memorandum of law filed by the plaintiff in opposition to the motion to strike in the prior action which states that "Count 4 is based in Bad Faith and has no foundation in CUIPA. . . ."
The Supreme Court has held that one who has lost a motion in the trial court, the validity of which ruling is to be determined by an appeal, is not allowed to make the same claim in a new action rather than waiting for the appeal to be heard. See Beaudoin v.Town Oil Co., 207 Conn. 575 (1988).
In the opinion of the court the fourth count in the prior action makes the same claim as is being made in the case at bar. The factual allegations are identical and the ultimate objectives are the same. The same underlying rights which the plaintiff is asserting in this case will be determined in the prior action.
Accordingly, for the reasons above stated, the motion to dismiss is granted.
William L. Hadden, Jr., Judge CT Page 4180