[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS CROSS-COMPLAINT (#103.00)
In this action the plaintiff, Lyon Billard, seeks to foreclose a mechanic's lien against certain property owned by the defendant, Robert Victory. Morris Construction was also named as a defendant because it, too, has a mechanic's lien against the same property.
On March 11, 1997, defendant Morris Construction (Morris) filed a cross-complaint against defendant Victory to foreclose its mechanic's lien. On March 14, 1997, Victory filed a motion to dismiss the cross complaint based on the prior pending action doctrine. As required by Practice Book § 143, now Practice Book (1998 Rev.) § 10-31, Victory filed a memorandum of law in support of his motion and Morris Construction filed a memorandum in opposition.
Victory argues that another action pending in this court,Victory v. Morris Construction, docket number CV96 0152254, is between the same parties, for the same cause or goals as the cross-complaint, and therefore, is presumed oppressive or vexatious and should be dismissed. In the prior action, docket number CV96 0152254, Victory brought suit against Morris alleging defective workmanship and materials, violation of the Home Improvement Act and violation of CUTPA in relation to home improvements that Morris performed on Victory's premises. Morris brought a counterclaim seeking money damages alleging breach of contract and unjust enrichment based on Victory's failure to pay for the materials and labor provided in performing this work.
In the present case, Morris argues that the two actions are different types of actions, seek different relief, and involve different issues. Morris argues that pursuant to General Statutes § 49-39, if it did not commence an action to foreclose the mechanic's lien by March 11, 1997, the lien would expire and be discharged as a matter of law.[1] The present foreclosure action seeks to protect Morris' statutory rights and, therefore, is not oppressive or vexatious and should not be dismissed. Morris further argues that if the present action was dismissed, and it prevails on the prior counterclaim, it will lose its security. Additionally, other mechanic's lienholders will have priority over Morris, whereas under General Statutes § 49-33
(c), one lienholder has no priority over another except as CT Page 5664 thereafter provided.[2]
The Connecticut Supreme Court has explained the prior pending action doctrine as follows: "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. . . . The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law." (Citations omitted; internal quotation marks omitted.) Halpern v. Board of Education, 196 Conn. 647,652-53, 495 A.2d 264 (1985).
The court has discretion to examine the circumstances in each case and determine whether the second suit is oppressive or vexatious, or whether it may fairly be maintained. See Barberinov. Compounce Associates Ltd., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 456970 (November 5, 1993, Pittman, J.). "The prior pending action doctrine will not be applied when to do so would deprive a creditor of the use in a fair manner of any proper remedy for the collection of his debt." (Internal quotation marks omitted.)Construction Services of Bristol, Inc., v. Sanseer MillAssociates, Superior Court, judicial district of Middlesex, Docket No. 64273, 6 CONN. L. RPTR. 208 (March 17, 1992, Arena, J.). "[T]he pendency of a prior suit between the same parties, for the same thing, will [generally] abate a latter suit; because, in such a case, the last is deemed unnecessary, and therefore vexatious . . . The few exceptions to this rule occur where the application of the rule would deprive the plaintiff of any substantial right which the law gives him as incident to the determination of the issues or the direct and speedy collection of his debt. . . . Where, however, the plaintiffs could have so easily procured the advantage . . . which they did obtain in the second action by getting an order . . . in the first action . . . the second action . . . was unreasonable." (Citations omitted; internal quotation marks omitted.) Kolodney v. Kolodney, 2 Conn. App. 697,699-700, 483 A.2d 622 (1984).
In the present case, Morris' cross-claim seeking to foreclose its mechanic's lien is not oppressive or vexatious. A mechanic's lien provides security for a contractor's labor and materials by making a claim for payment a lien on the property. See J. C.Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511, CT Page 5665 514, 555 A.2d 990 (1989). It is remedial in nature and provides the holder with a substantial right in attempting to collect a debt. By bringing this cross-claim, Morris is taking the action required by statute to protect this right. Morris has presented an argument that any remedy that could be accorded it in the prior pending action would be inadequate or incomplete. SeeHalpern v. Board of Education, supra , 196 Conn. 655. If the court dismisses the cross-claim, Morris would lose its statutorily provided security and priority. Morris could not procure this same advantage in the first action. Therefore, regardless of whether Morris is asserting the same underlying rights in the present cross-claim as it is asserting in the prior counterclaim, this court will not apply the prior pending action doctrine and dismiss the cross-claim.
For the foregoing reasons, Victory's motion to dismiss is denied.
HICKEY, J.