[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #102
On March 10, 1998, the plaintiff, The Sotavento Corporation (Sotavento), brought a complaint against the defendants, Kings CT Page 10476 West Limited Partnership (KWLP) and Kings West Reality, Inc. (Kings West), the general partner of KWLP. In its complaint, Sotavento alleges that on October 25, 1995, Kings West and KWLP each executed a "revolving credit agreement" with Sotavento, under which a maximum amount of $150,000 could be drawn. Both Kings West and KWLP allegedly signed a promissory note, secured by a mortgage on property owned by KWLP, reflecting their respective obligations to repay. Sotavento further alleges that, as part of the security given under the credit agreement and promissory note, Kings West assigned to Sotavento" . . all its right, title, and interest in and to its partnership interests in [KWLP] . . . ."
The complaint alleges that on April 4, 1997, KWLP, acting by and through Kings West, conveyed the secured property to a third party. The complaint alleges that since this act of conveyance KWLP has neither acquired any other property nor reformed the partnership, whose sole stated purpose was the ownership of the property in question. According to the complaint, KWLP has refused to begin the process of terminating the limited partnership as required in the partnership agreement. Sotavento further alleges that, as assignee of Kings West's rights, it is now entitled to an order seeking the termination, dissolution and winding up of KWLP.
On May 1, 1998, KWLP[1] filed a motion to dismiss Sotavento's complaint on the ground that the above action was "virtually alike" to an action already pending between the identical parties, and thus barred on jurisdictional grounds by the prior pending action doctrine. Sotavento objected to the motion to dismiss and filed a memorandum in opposition to the motion to dismiss on June 2, 1998. Oral argument was heard on June 8, 1998.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp., 44 Conn. App. 446, 689 A.2d 1145, cert. denied,241 Conn. 906 (1997). A motion to dismiss is the proper vehicle to raise the issue of a prior pending action. Gaudio v. Gaudio,23 Conn. App. 287, 294, 580 A.2d 1212 (1990). CT Page 10477
The Connecticut Supreme Court has explicated the prior pending action ground by stating that "the pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) Halpern v. Board of Education,196 Conn. 647, 652-53, 495 A.2d 264 (1981). "The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . . We must examine the pleadings to ascertain whether the actions are virtually alike." (Citations omitted; internal quotation marks omitted.) Id. Superficial differences are not enough to overcome dismissal under the prior pending action. Northern HomesDistributors. Inc. v. Grosch, 22 Conn. App. 93, 96, 575 A.2d 711
(1990). Thus, differences in requested relief do not prevent the application of the prior pending action doctrine. Gaudio v.Gaudio, supra, 23 Conn. App. 294.
The defendants argue that the present action is virtually alike to the original action (Docket No. 332725), still pending, in which Sotavento seeks recovery on the very same promissory notes (arising from the same revolving credit agreement) that is the basis for the present action. First, KWLP and Kings West point out that the parties to both cases are identical.
Second, while the defendants admit that there are some variations between the arguments and legal theories in the original action and the present one, the defendants argue that the prior pending action doctrine is applicable because the allegations in each action arise from the same factual background and because the prayers for relief in both actions are aimed at the same end or objective. According to Kings West and KWLP, the ultimate goal of Sotavento is to obtain repayment of the alleged debts of the defendants that have accrued under the same loan documents in both cases. The defendants argue that the two pending cases are simply matters of taking different routes to the same destination. The defendants maintain that the superficial differences between the two actions are not sufficient to overcome dismissal under the prior pending action doctrine. CT Page 10478
Finally, KWLP and Kings West maintain that the relief sought by Sotavento is identical as a matter of fact and law in both actions. The defendants argue that in either case Sotavento must show that it is a creditor of KWLP holding an enforceable debt obligation. In the prior case, Sotavento asks to recover the claimed debt by way of a money judgment or foreclosure; in the present case, Sotavento asks the court to dissolve the partnership and appoint a receiver to schedule the payment of the same debt as in the first case.
While Sotavento admits that the parties are the same in both actions, Sotavento argues that both cases are not virtually alike in either substance or relief requested. For one, Sotavento points out that while the object in the original action is to collect a debt from KWLP, the goal here is to appoint a neutral receiver in order to assess all of KWLP's outstanding debts. According to Sotavento, who is owed money and the amount's due are questions that will be determined in further proceedings. Thus, the present action does not seek identical relief in favor of Sotavento. As such, Sotavento maintains that the prior pending action doctrine is inapplicable and may not be cause to dismiss the present case. The trial court has broad discretion in applying the prior pending action doctrine. Harbor Vista Assoc.Ltd. v. Yankee Management, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143141 (February 21, 1995, D'Andrea, J.). The rule is one of justice and equity and not one of unbending rigor, nor of absolute application, nor a principle of absolute law. Id., citing Halpern v. Board ofEducation, supra, 196 Conn. 652-53.
Are the two actions sufficiently different so as to preclude the applicability of the prior pending action doctrine. For one, the purposes of the two actions are different in scope. While the original action seeks recovery for monies allegedly owed Sotavento, the present action seeks dissolution of the limited partnership in order that further proceedings may go forward as to the rights of all other creditors. Moreover, the present action is one in equity and brought by Sotavento as an assignee of the rights of the general partner. The fact that Sotavento is now acting as an assignee substantially sets apart this litigation from the original action. In the original case, Sotavento was acting solely as an injured party seeking monies allegedly owed as a result default on a promissory note agreement between KWLP and itself. While seeking these individual damages, CT Page 10479 Sotavento could not have legally sought a dissolution or winding up of the limited partnership. Such a power of dissolution is expressly given to the partner or general partner and not to a third party in an action against the partnership. See, e.g., General Statutes §§ 34-28b, 34-28c. However, when acting as assignee of the rights of Kings West as it is here, Sotavento is free to avail itself of powers specifically given the general partnership and, therefore, able to seek a dissolution of KWLP.
"Where, however, the plaintiff could have easily procured the advantage . . . which they did obtain in the second action by getting an order . . . . in the first action . . . the second action . . . was unreasonable. . . ." (Citations omitted; internal quotation marks omitted.) Kolodney v. Kolodney,2 Conn. App. 697, 700, 483 A.2d 622 (1984). In the original action, Sotavento could have procured the relief sought in the present action only if it relied on its powers as assignee of the rights of Kings West. Sotavento, however, was acting in its individual capacity seeking to collect on an alleged default of a promissory note.[2]
The court conludes, therefore, that the prior pending action doctrine does not apply as a bar to the present action. Though the ultimate result of the two actions may eventually be that Sotavento collects monies from KWLP, the present litigation is neither vexatious or oppressive, and the doctrine of prior pending action should not apply because a valid reason for the second action exists. See Fishman v. Middlesex Mutual AssuranceCo., 4 Conn. App. 339, 347, 494 A.2d 606 (1985).
Accordingly, the defendants Motion to Dismiss is denied.
SKOLNICK J.