[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DE MOTION TO DISMISS (#102). MOTION FOR CONSOLIDATION (#104, #132)
On September 8, 1998, the plaintiffs filed a complaint, Docket No. 167635, alleging negligence and loss of consortium. In response to information obtained through discovery, the plaintiffs filed a request to amend complaint in order to allege recklessness and loss of consortium based on the recklessness CT Page 5085-cf claim. The defendant objected to the plaintiffs' request to amend the complaint, and the court (Mintz, J.) overruled the defendant's objection on October 4, 1999. To meet the statute of limitations for their recklessness claim, on June 11, 1999, the plaintiffs filed a complaint, Docket No. 172481, alleging negligence, loss of consortium from the negligence, recklessness and loss of consortium from the recklessness. Subsequently, the defendant moved to dismiss the plaintiffs' second complaint, Docket No. 172481, pursuant to the prior pending action doctrine, and the plaintiffs filed a motion to consolidate their actions against the defendant.
The court denies the defendant's motion to dismiss because the prior pending action doctrine fails to bar the plaintiffs' second complaint. "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." (Internal quotation marks omitted.) Halpern v. Board ofEducation, 196 Conn. 647, 652, 495 A.2d 264 (1985). The prior pending action doctrine is not applicable when "the application of the rule would deprive the plaintiff of any substantial right which the law gives him as incident to the determination of the issues. . . ." (Internal quotation marks omitted.) Kolodney v. Kolodney, 2 Conn. App. 697,699-700, 483 A.2d 622 (1984). Here, the plaintiffs initiated the second action to meet the statute of limitations for their recklessness claim. Consequently, the court declines to apply the prior pending action doctrine because the application of the doctrine would deprive the plaintiffs of their recklessness claim. Accordingly, the court denies the defendant's motion to dismiss.
The court grants the plaintiffs' motion to consolidate because the two actions involve the same parties and arise from the same transaction or occurrence. Practice Book § 9-5(a) provides that "[w]henever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial." "Whether the actions arise out of the same transaction or involve identical parties are important factors in determining the propriety of the joinder or the consolidation of actions." Clarke v. Ochart,
CT Page 5085-cg Superior Court, judicial district of Middlesex, Docket No. 68018 (April 13, 1993, Higgins, J.) (8 Conn.L.Rptr. 609). Here, the two actions involve the same parties and arise from the same accident that occurred at the defendant's place of business. Accordingly, the court grants the plaintiffs' motion to consolidate.
KARAZIN, J.