KNUTSON MORTGAGE CORPORATION *v.* JOSEPH BERNIER ET AL.
(AC 21424)

Lavery, C. J., and Mihalakos and O'Connell, Js.

Argued September 18, 2001—officially released January 29, 2002

*James M. Nugent*, for the appellant (defendant Suzanne H. Bernier).

*David F. Borrino*, for the appellee (substitute plaintiff Interbank Savings, FSB).

*Opinion*

LAVERY, C. J. The defendant, Suzanne H. Bernier,[1] appeals from the trial court's denial of her motion to open the judgment of strict foreclosure. On appeal, the defendant argues that the trial court improperly denied her motion. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In February, 1998, the defendant gave a note and mortgage to Ivy Mortgage Corporation for premises located at 99 Beacon Street in Norwalk. After an assignment of the note and the mortgage, the plaintiff, Knutson Mortgage Corporation, commenced this foreclosure action on September 28, 1999, by abode service on the defendant at 99 Beacon Street.

The court granted the plaintiff's motion for default for failure to appear, and, on January 31, 2000, rendered a judgment of strict foreclosure.[2] The defendant failed to redeem on her law day, and title vested in the plaintiff

---

[1] Joseph Gerard Bernier was also named in the complaint, but was defaulted for failure to appear, and did not participate in this appeal. We will refer to Suzanne H. Bernier as the sole defendant.

[2] At the time the court rendered judgment of strict foreclosure, it also granted the plaintiff's motion to substitute Interbank Savings, FSB, as the plaintiff. The note and mortgage at issue had been assigned to Interbank Savings, FSB. We hereinafter refer in this opinion to Interbank Savings, FSB, as the plaintiff.

on February 24, 2000. On April 4, 2000, the court issued an order for ejectment of the defendant.

On September 5, 2000, the defendant filed a motion to open the judgment on the ground that she did not reside at the address where the plaintiff had made service either before or after the lawsuit. The defendant submitted an affidavit in support of her motion to open the judgment. In that affidavit, the defendant attested that between August 1, 1999, and May 23, 2000, she resided at 291 Chestnut Hill Road in Norwalk and not 99 Beacon Street in Norwalk. The defendant further attested that she did not learn anything about the existence of a foreclosure action at 99 Beacon Street until the case was over. The court denied the motion to open, and the defendant filed the present appeal.

I

The defendant first argues that the court improperly denied her motion to open the judgment on the basis of the plaintiff's alleged failure to serve her with process or notices. Relying on *Habura* v. *Kochanowicz*, 40 Conn. App. 590, 592, 672 A.2d 512 (1996), the defendant argues that even though her motion was not filed within four months of the January, 2000 judgment as required by General Statutes § 52-212,[3] the plaintiff's defective

---

[3] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action

abode service extended the time she could file the motion. The defendant argues that due to the defective service, the court could not exercise jurisdiction over her, and, therefore, the foreclosure judgment is void as to her. Conversely, the plaintiff argues that the foreclosure judgment was valid and the court had personal jurisdiction over the defendant because the abode service was proper. We agree with the court's determination that there was sufficient evidence to establish personal jurisdiction.

"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Internal quotation marks omitted.) *Kim* v. *Magnotta,* 249 Conn. 94, 101–102, 733 A.2d 809 (1999).

"In many cases jurisdiction is immediately evident, as where the sheriff's return shows abode service in Connecticut."[4] *Standard Tallow Corp.* v. *Jowdy,* 190 Conn. 48, 52, 459 A.2d 503 (1983). When, however, the defendant is a resident of Connecticut who claims that no valid abode service has been made upon her that would give the court jurisdiction over her person, the defendant bears the burden of disproving personal jurisdiction. "The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction" unless sufficient evidence is introduced to prove otherwise. (Internal

or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

[4] Sheriffs have been replaced by judicial marshals in Connecticut.

quotation marks omitted.) *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 607 n.9, 674 A.2d 426 (1996). "[A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." (Internal quotation marks omitted.) *Standard Tallow Corp.* v. *Jowdy*, supra, 56.

In *Clegg* v. *Bishop*, 105 Conn. 564, 136 A. 102 (1927), our Supreme Court stated that "[o]ne may have two or more places of residence within a State, or in two or more States, and each may be a 'usual place of abode.' . . . Service of process will be valid if made in either of the usual places of abode." (Citation omitted.) Id., 570. The plaintiff argues, and we agree, that on the basis of *Clegg*, the defendant's abode service was proper.

Although the defendant filed an affidavit in support of her motion to open the judgment, she failed to offer evidence to contradict the evidence that 99 Beacon Street was one of two residences that could have served as her usual place of abode. In light of *Clegg*, the plaintiff correctly asserts that either address could be construed as the defendant's usual abode for the purpose of service. The defendant, therefore, did not present sufficient evidence disproving the existence of personal jurisdiction. Because the defendant had fair and adequate notice of the pendency of the foreclosure action, the court had jurisdiction to render judgment against her.

II

We turn next to the defendant's claim that the court abused its discretion when it denied her motion to open the judgment.

The court denied the defendant's motion to open without setting forth written or oral findings of fact or conclusions of law to explain its decision, as required

by Practice Book § 64-1. The defendant also did not file a timely motion for articulation so that the court could clarify its basis for denying the motion to open the judgment.[5]

Because the court denied the defendant's motion to open the judgment without comment, and because the defendant failed to present an adequate record for review, "[w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by the trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative. . . . In view of the inadequate record, we cannot ascertain why the court denied the motion to open and, therefore, we decline to review this claim." (Citation omitted; internal quotation marks omitted.) *Riggio* v. *Orkin Exterminating Co.*, 58 Conn. App. 309, 313, 753 A.2d 423, cert. denied, 254 Conn. 917, 759 A.2d 507 (2000).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The defendant filed a motion for permission to file a late motion for articulation. On July 11, 2001, this court denied the motion.