[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
October 15, 2001, the defendants, Thomas Thornton, Cameron Thornton and Thornton International, Inc. filed a motion to dismiss the complaint filed by the plaintiffs, Goldenberry, Ltd. and Deborah A. Hecht,[1] on the grounds that: (1) the plaintiffs failed to serve process to Cameron Thornton, a defendant named in each count of the plaintiffs' complaint; and/or (2) this action is duplicative of a prior pending action between the parties. The parties have filed memoranda of law and documentary exhibits in support of, and in opposition to, the defendants' motion to dismiss. CT Page 3321
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be herd by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). A motion to dismiss may be used to assert, among other things, lack of jurisdiction over the subject matter, lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process. Practice Book § 10-31(a). The prior pending action rule states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Halpern v. Board of Education, 196 Conn. 647,652, 495 A.2d 264 (1985). Although "the prior pending action rule does not truly implicate the subject mailer jurisdiction of the court, the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Id., 652 n. 4.
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Brackets omitted; internal quotation marks omitted.) LawrenceBrunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The motion to dismiss . . . invokes the existing record and must be decided upon that alone." Ferreira v. Pringle, 255 Conn. 330, 346,766 A.2d 400 (2001). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Id., 346-47; see also Practice Book § 10-31. Furthermore, where a motion to dismiss implicates the prior pending action rule, the trial court "must examine the pleadings [in both the prior and the present action] to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.) Cumberland Farms,Inc. v. Town of Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998).
First, the defendants argue that the plaintiffs failed to serve process upon one of the defendants, Cameron Thornton. However, according to the recitations in the officer's return, service was made upon the defendant, Cameron Thornton, on August 30, 2001, by leaving a true and attested copy of the signed writ, summons and complaint at her usual place of abode, 43 Contentment Island Road, in Darien, Connecticut (hereinafter, the Darien address), in accordance with General Statutes § 52-54.[2] See also General Statutes § 52-57 (a).[3]
CT Page 3322
The defendants contend that any abode service purportedly made upon the defendant, Cameron Thornton, at the Darien address on August 30, 2001, was ineffective to confer jurisdiction over her because on that date, her usual place of abode was not the Darien address.[4] Rather, the defendants maintain that on August 22 or 23 of 2001, the defendant, Cameron Thornton, began residing in her current home and "usual place of abode" located in Washington, Connecticut. In support of this argument, the defendants have submitted, among other things, an affidavit by the defendant, Cameron Thornton. In her affidavit, Cameron Thornton avers that: (1) on August 1, 2001, Cameron and Thomas Thornton purchased their new home in Washington, Connecticut; (2) on August 21, 2001, Cameron and Thomas Thornton rented out the home located at the Darien address; (3) on August 23, 2001, Cameron and Thomas Thornton moved from their prior home at the Darien address to their new home in Washington, Connecticut;[5]
and (4) prior to August 30, 2001, the date of the challenged service, and at all times since then, Cameron Thornton has considered only the home located in Washington, Connecticut to be her residence, domicile and abode, and she neither had nor has any intention of returning to live in the home located at the Darien address. Additionally, the defendants have submitted: (a) a bill of lading and freight which states that on August 22 and 23 of 2001, the defendant, Thomas Thornton, had items moved from the Darien address to another address located in Washington Depot, Connecticut; (b) deeds reflecting that on a date prior to August 30, 2001, the date of the challenged service, the defendants, Cameron and Thomas Thornton, purchased parcels of property located in Washington, Connecticut; and (c) a lease agreement dated August 21, 2001, pursuant to which the defendant, Thomas Thornton, leased the home located at the Darien address to a tenant for a period of one year, beginning onSeptember 24, 2001.
In response, the plaintiffs argue, inter alia, that the abode service made at the Darien address was proper because even if the defendant, Cameron Thornton, was not residing at the Darien address on the date of the service, that address still qualified as her usual place of abode for the purposes of service of process. Specifically, the plaintiffs contend that where a defendant simultaneously has two or more places of residence, or two or more usual places of abode within a state, she may lawfully be served with process at any one of them. The plaintiffs conclude, therefore, that such service effectively conferred jurisdiction over the defendant Cameron Thornton, notwithstanding the possibility that she might have had another residence or usual place of abode.
"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the CT Page 3323 court's exercise of personal jurisdiction." (Internal quotation marks omitted.) Kim v. Magnotta, 249 Conn. 94, 101-102, 733 A.2d 809 (1999). "In many cases jurisdiction is immediately evident, as where the [officer's] return shows abode service in Connecticut." Standard TallowCorp. v. Jowdy, 190 Conn. 48, 52, 459 A.2d 503 (1983). When, however, the defendant is a resident of Connecticut who claims that no valid abode service has been made upon her that would give the court jurisdiction over her person, the defendant bears the burden of disproving personal jurisdiction. Knutson Mortgage Corporation v. Bernier, 67 Conn. App. 768,771, 789 A.2d 528 (2002). "`The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction' unless sufficient evidence is introduced to prove otherwise." Id., 771-72, citing Knipplev. Viking Communications, Ltd., 236 Conn. 602, 607 n. 9, 674 A.2d 426
(1996). "Affidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." Knutson Mortgage Corporation v. Bernier, supra,67 Conn. App. 772, citing Standard Tallow Corp. v. Jowdy, supra,190 Conn. 56.
"In Clegg v. Bishop, 105 Conn. 564, 136 A. 102 (1927), our Supreme Court stated that `[o]ne may have two or more places of residence within a State, or in two or more States, and each may be a `usual place of abode.' . . . Service of process will be valid if made in either of theusual places of abode.'" (Emphasis added.) Knutson Mortgage Corporationv. Bernier, supra, 67 Conn. App. 772, citing Clegg v. Bishop, supra,105 Conn. 570.
Applying the principles outlined above, this court cannot sufficiently conclude that the abode service made at the Darien address on August 30, 2001, was a proper method of serving the defendant, Cameron Thornton. This court notes that much of the evidence suggests that the Darien address was potentially one of two residences that could have served as her usual place of abode.[6] Nevertheless, issues of fact preclude this court from determining whether on August 30, 2001, the Darien address was a usual place of abode for the defendant, Cameron Thornton, for the purposes of service of process. For example, the averments contained in Cameron Thornton's affidavit regarding her intentions with respect to her residence, domicile and abode raise a question of fact as to whether the Darien address could have served as her usual place of abode on August 30, 2001.[7] See National Mortgage Corporation v. Bernet, Superior Court, judicial district of Middlesex at Middletown, Docket No. 093446 (June 27, 2001, Arena, J.) ("[t]emporary absence does not destroy what would otherwise be a `usual place of abode' if there is an intent to CT Page 3324 return to that abode.") Where issues of fact are necessary to the determination of a court's jurisdiction, a trial-like hearing must be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. Standard Tallow Corp. v. Jowdy, supra,190 Conn. 56. Accordingly, this court shall reserve its ruling until a hearing is held to determine the issue of jurisdiction. Therefore, until the court determines that it has personal jurisdiction over the defendant, Cameron Thornton, based upon proper abode service, it will defer its ruling on the defendants' motion to dismiss on the ground of improper service. The parties will be notified by the court as to the time and date of the hearing.
Next, the defendants argue that the plaintiffs' complaint should be dismissed as to all defendants, by application of the prior pending action doctrine. The defendants maintain that another action involving similar transactions, issues and parties was commenced in June of 2001; see Thornton v. Goldenberry, Ltd., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 184758; prior to the time that the action before this court was commenced. Furthermore, the defendants contend that the plaintiffs knew about the other action before they commenced this action. The defendants conclude that this court should dismiss the present action as to all defendants, thereby preventing the plaintiffs from escalating the costs and burdens of litigation by pursuing an action which duplicates the issues presented in the other action.
In response, the plaintiffs contend that although they served the signed writ, summons and complaint in this action on August 30, 2001, they had already filed an application for a prejudgment remedy in this action in June of 2001, and served the related proposed, unsigned writ, summons and complaint upon the defendants on July 5, 2001.[8] Thus, the plaintiffs argue that this action and the other action described by the defendants as being a "prior pending action," were actually initiated almost simultaneously, in June of 2001. Therefore, the plaintiffs conclude that the prior pending action doctrine is inapplicable to situations such as this, as neither action can be considered "prior" to the other. Furthermore, the plaintiffs argue that the prior pending action doctrine does not apply to actions (1) involving different parties, (2) where the parties are reversed, (3) in which the causes of action are different, and (4) where the action that is before the court is reasonably necessary for the enforcement of a plaintiff's rights. The plaintiffs maintain that this action and the purported prior pending action involve different parties, that the parties are reversed, that the causes of action are different, and that this action is reasonably necessary for the enforcement and preservation of the plaintiffs' rights, which include the prejudgment remedy obtained in this action to secure the plaintiffs' claims against the defendants.[9]
CT Page 3325 Alternatively, the plaintiffs argue that even if the action described by the defendants is a prior pending action within the meaning of that doctrine, the rule precluding the second action is not absolute. The plaintiffs conclude that the motion to dismiss should be denied.
As indicated above, "[t]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity . . . [The court] must examine the pleadings [in both the prior and the present action] to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.) Cumberland Farms,Inc. v. Town of Groton, supra, 247 Conn. 216. "The policy behind the "prior pending action doctrine' is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." Beaudoinv. Town Oil Co., 207 Conn. 575, 588, 542 A.2d 1124 (1988).
However, "[t]he rule forbidding the second action is not . . . one of unbending rigor, nor of universal application, nor a principle of absolute law." Modzelewski v. William Raveis Real Estate, Inc.,65 Conn. App. 708, 714, 783 A.2d 1074, cert. denied, 258 Conn. 948,788 A.2d 96 (2001), citing Halpern v. Board of Education, 196 Conn. 647,653, 495 A.2d 264 (1985). Exceptions to the prior pending action doctrine occur where application of the doctrine would deprive the plaintiff "of any substantial right which the law gives him as incident to the determination of the issues or the direct and speedy collection of his debt." Kolodney v. Kolodney, 2 Conn. App. 697, 699-700, 483 A.2d 622
(1984), citing Dettenborn v. Hartford-National Bank Trust Co.,121 Conn. 388, 393, 185 A. 82 (1936); see also Brochin v. ConnecticutImporting Co., 137 Conn. 350, 77 A.2d 336 (1950) (holding prior pending action doctrine inapplicable where dismissal of second action would destroy security obtained by plaintiff therein for collection of his debt, noting that it was "beside the question that the plaintiff might have stated his cause of action by way of a counterclaim in the [prior] case, obtained permission to cite in [additional parties] and sought an order to garnish the . . . debt. These steps would have been time-consuming and might well have cost him the opportunity of assuring . . . the collection of any judgment he might obtain."); Mola v. HomeDepot, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167635 (April 7, 2000, Karazin, J.) (27 Conn.L.Rptr. 60) (holding prior pending action doctrine inapplicable where second action was initiated by plaintiffs to meet statute of limitations, reasoning CT Page 3326 that "application of the doctrine would deprive the plaintiffs of their recklessness claim."). Furthermore, "[t]he trial court has broad discretion in applying the prior pending action doctrine." Durkin v.Durkin Company, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 173646 (January 21, 2000,D'Andrea, J.); The Sotavento Corp. v. Kings W. Ltd. Partnership, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351952 (September 8, 1998, Skolnick J.).
First, this court will address the plaintiffs' argument to the effect that neither this action nor the other action can be considered "prior" to the other. This court notes that in Connecticut, an action is not commenced against a defendant until the defendant has been served with a signed writ, summons and complaint. Rana v. Ritacco, 236 Conn. 330, 337,672 A.2d 946 (1996); see also Raynor v. Hickock Realty Corp.,61 Conn. App. 234, 240-42, 763 A.2d 54 (2000) (prejudgment remedy documents served upon defendant lacked signed writ of summons and complaint, therefore, court held that action was not commenced by such service). Consequently, the dates on which the plaintiffs filed and served the prejudgment remedy documents (which included an unsigned writ, summons and complaint) do not determine the commencement date of this action. Because the officer's return indicates that the signed writ, summons and complaint were served on August 30, 2001, this court concludes that this action was commenced on August 30, 2001. Furthermore, because the officer's return in the other case, namely,Thornton v. Goldenberry, Ltd., supra, Superior Court, Docket No. 184758, indicates that service of process was made upon the various parties named therein on June 28 and July 3, 2001, this court concludes that it was commenced "prior" to the action that is presently before this court.
An examination of the pleadings in this action and in the other action, Thornton v. Goldenberry, Ltd., supra, Superior Court, Docket No. 184758, reveals that to a certain extent both actions are of the same character and were brought to obtain the same end or object. In the action that is presently before this court, the plaintiffs' signed, fourteen count complaint reveals that the plaintiffs' claims against the defendants arise out of a series of alleged consumer transactions and contracts between the parties. Similarly, an examination of five count complaint in the other action, Thornton v. Goldenberry, Ltd., supra, Superior Court, Docket No. 184758, reveals that the claims asserted therein arise out of the same series of alleged consumer transactions and contracts as those asserted in instant action. Furthermore, the prayers for relief in both actions are also similar, as each seeks similar categories of damages, attorney's fees, costs, interest, and such other relief as accorded law or equity may grant. Therefore, to a certain extent, both actions are similar and were brought to adjudicate similar CT Page 3327 underlying rights.
Notwithstanding the foregoing, this court cannot conclude that both actions are "virtually alike"; see Cumberland Farms, Inc. v. Town ofGroton, supra, 247 Conn. 216; or that the instant action should be dismissed. This court finds that the instant action and the other action, Thornton v. Goldenberry, Ltd., supra, Superior Court, Docket No. 184758, lack a complete identity of parties and to the extent that the parties are the same, their roles are reversed.[10] Moreover, in view of the flexibility of, and the policy behind the prior pending action doctrine, this court finds that permitting the instant action to go forward would not be inequitable or prejudicial to the defendants,[11]
nor would it unduly "burden on our state's already crowded court dockets."[12] Beaudoin v. Town Oil Co., supra, 207 Conn. 588. In contrast, a dismissal of this action would be inequitable and prejudicial to the plaintiffs, as they have already obtained a prejudgment remedy in this action, an attachment against all three defendants herein. Consequently, this court declines to apply the prior pending action doctrine because this action and the prior action are not virtually alike, and because its application would deprive the plaintiffs of the preservation and enforcement of said attachment. See Brochin v.Connecticut Importing Co., supra, 137 Conn. 352-53 (holding prior pending action doctrine inapplicable where dismissal of second action would destroy security obtained by plaintiff therein for collection of his debt). Accordingly, the defendants' motion to dismiss on the ground of the prior pending action doctrine is denied.
In summary, this court reserves its ruling on the defendants' motion to dismiss on the ground of improper service upon the defendant, Cameron Thornton, until after an evidentiary hearing is held, in accordance with this decision. However the defendants' motion to dismiss on the ground of the prior pending action doctrine is denied.
So Ordered.
D'ANDREA, J.T.R.