[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #130.01
This action was instituted by the plaintiffs against Walmart in January of 2000. The claim against Walmart arose from injuries allegedly sustained by the plaintiff Philip Chasse on February 23, 1998 while in a Walmart store. Walmart impleaded Zev Hechtman as a third party defendant seeking indemnity in January of 2002.
The plaintiffs then amended their complaint in February of 2002 to assert a claim in negligence against Zev Hechtman. The defendant Hechtman has now filed a motion for summary judgment as to the plaintiffs' direct CT Page 9897 claim against him based on the defense of the statute of limitations.
Connecticut General Statutes § 52-584 requires that any action for personal injuries must be brought within two years of the date of injury and no later than three years from the act or omission complained of. The defendant argues therefore that any action against him based on negligence was required to have been brought within two years of February 23, 1998, the alleged date of injury. Clearly, this action against Hechtman by the plaintiffs was not brought within that time frame.
The plaintiffs oppose the motion for summary judgment relying on §52-590 which provides:
 "In computing the time limited in the period of limitations prescribed under any provision of chapter 925 or this chapter, the time during which the party against whom there may be any such cause of action, is without the state shall be excluded from the computation, except that the time so excluded shall not exceed seven years."
In support of their objection, the plaintiffs have filed an affidavit of their attorney which states that it is his information and belief that Zev Hechtman has been out of state attending college in Washington, D.C. for at least three to four years.
In response, the defendant has filed his affidavit in which he states that he is and has been a resident of 18 Chatham Woods Court in Cheshire, Connecticut which he considers to be his primary residence. He states that from August of 1998 to May of 2002 he has been a student at American University in Washington, D.C. and his residences in Washington have been temporary. He has maintained a Connecticut driver's license, continues to receive his mail at the Connecticut address, returned to Connecticut for vacations and breaks during the academic year and remained registered to vote in Connecticut.
At oral argument the attorney for the plaintiffs pointed out that Hechtman's affidavit was executed in Washington, D.C. in June of 2002. The court therefore gave the plaintiffs the opportunity to depose the defendant Hechtman addressing the issues of his residence prior to ruling on the motion as per § 17-47 of the Connecticut Practice Book after which the parties were to file supplemental briefs if they wished. The court has been notified that the plaintiffs do not intend to depose Hechtman and thus the motion for summary judgment will be decided on the present state of the record. CT Page 9898
The purpose of § 52-590 is to toll the running of the statute of limitations while the defendant is "without the state" and thus not subject to in personam jurisdiction by virtue of personal service upon him. Clegg v. Bishop, 105 Conn. 564, 569 (1927); Venables v. Bell,941 F. Sup. 26, 27 (D.Conn. 1996).
The issue then becomes whether there is any question of fact as to whether the plaintiff could have obtained in personam jurisdiction over Zev Hechtman during the period of time that he was attending school in Washington, D.C. This court is of the opinion that there is no such question of fact based upon the documents submitted by the parties and that the plaintiffs could have secured in personam jurisdiction over Zev Hechtman by abode service at his residence in Cheshire.
A person may have two places of residence within a state or in two or more states and each may be a "usual place of abode." Knutson MortgageCorp. v. Bernier, 67 Conn. App. 768, 772 (2002). Service will be proper if made at either "place of abode." Ibid. Based upon the uncontroverted affidavit of Zev Hechtman, his residence in Cheshire continued to be a "usual place of abode" even during his temporary status as a student in Washington, D.C. Since the defendant could have been served at his place of abode in Connecticut while he was a student in Washington, D.C. §52-590 does not apply in this case.
Cortes v. Cotton, 31 Conn. App. 569 (1993), relied upon by the plaintiffs is distinguishable. In Cortes the defendant's residence in Connecticut was destroyed by fire and he moved to New York for six months after which he moved to his mother's house in Connecticut. The Appellate Court reversed the trial court's finding that there was no issue of fact and that the defendant's absence from the state was temporary and thus should not be excluded from the statute of limitations.
Unlike this case, the court in Cortes held that no factual evidence was presented by which the trial court could determine as a matter of law that the defendant remained a resident of Connecticut while living in New York, or that his absence was temporary. Here, the defendant has by affidavit provided such factual evidence.
Since § 52-590 does not apply, the plaintiffs' claims against the defendant Hechtman are barred by § 52-584. The motion for summary judgment is therefore granted.
By the Court,
_________________________ Bruce W. Thompson, Judge CT Page 9899