[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO CONFIRM ARBITRATION
The plaintiff, Edens Avant, is seeking to confirm an arbitration award rendered in its favor for certain taxes and common area costs in connection with a commercial lease in the sum of $1,006,546. 06 plus interest in the sum of $249. 50 per diem from October 31, 2002. The defendant, Intercontinental Holding Company, Inc. d/b/a Adam's Superfoods Stores, has moved to dismiss this action on the ground that service of process, in this case by the abode method, was insufficient.[1]
The court heard testimony from the marshal designated to serve process and the defendant's statutory agent for service. The former testified concerning his service and the latter stated that he never received the documents. As noted recently in Knutson Mortgage Corporation v. Bernier,67 Conn. App. 768, 771, 789 A.2d 528 (2002), "[w]hen . . . the defendant is a resident of Connecticut who claims that no valid abode service has been made upon her that would give the court jurisdiction over her person, the defendant bears the burden of disproving personal jurisdiction. The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction unless sufficient evidence is introduced to prove otherwise." (Internal quotation marks omitted.)
This court finds the marshal's testimony credible and believes that proper abode service was made. Abode service pursuant to General Statutes § 52-57 has, of course, been held to be constitutional. Smith v.Smith, 150 Conn. 15, 22, 183 A.2d 848 (1962). Thus it is deemed acceptable on any usual place of abode, even where the recipient has multiple places of abode and thus had no actual notice of a pending action. See Knutson Mortgage Corp. v. Bernier, supra, 67 Conn. App. 772;Clegg v. Bishop, 105 Conn. 564, 570, 136 A. 102 (1927). Hence, the issue CT Page 2405 is not necessarily whether the agent received the service but rather whether the defendant has met its burden of disproving the existence of personal jurisdiction. It has not and the motion to dismiss is denied.
Pursuant to the agreement of the parties, the motion to confirm the arbitration is granted. Interest is also awarded from October 31, 2002 to the date of this hearing, February 4, 2003, in the sum of $24,201. 50.
Berger, J.