TAX COLLECTOR OF THE CITY OF NEW HAVEN *v.*
KARYN STETTINGER ET AL.
(AC 23186)

Foti, Dranginis and West, Js.

Submitted on briefs September 19—officially released October 14, 2003

*Max F. Brunswick* filed a brief for the appellant (named defendant).

*Alfred J. Onorato* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Karyn Stettinger[1] appeals following the trial court's denial of her motion

---

[1] The other defendants, the water pollution control authority of New Haven, South Central Connecticut Regional Water Authority and Betty Campbell are not parties to this appeal. We therefore refer in this opinion to Stettinger as the defendant.

to open the judgment of foreclosure by sale, claiming that the court improperly denied her motion. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The defendant was the owner of a certain piece of property at 198 Frank Street in New Haven. The plaintiff, the tax collector of the city of New Haven, determined that property taxes had not been paid and thereafter commenced an action to foreclose the tax liens. Abode service was made on the defendant at 343 Peck Street.

The court granted the plaintiff's motion for default for failure to appear on December 27, 2001. On January 22, 2002, the court rendered judgment of foreclosure by sale. Notice of the sale was published in the New Haven Register on April 17, 2002.

On April 25, 2002, the defendant filed a "motion to open judgment to dismiss case." In the motion, the defendant alleged that she never had resided at the address where service was made. Furthermore, the defendant claimed that she did not learn of the foreclosure sale until notice was published in the New Haven Register on April 17, 2002. The defendant argued, therefore, that the court lacked jurisdiction over her and that the action should be dismissed. After hearing evidence on May 31, 2002, the court, in an oral decision, denied the defendant's motion.[2] This appeal followed.

---

[2] We note that the defendant failed to provide this court with a signed transcript of the court's oral decision as required by Practice Book § 64-1 (a). "We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review. . . . This court, however, has the discretion to consider an appeal on its merits despite this procedural irregularity if the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Citation omitted; internal quotation marks omitted.) *Wachter* v. *UDV North America, Inc.*, 75 Conn. App. 538, 543 n.7, 816 A.2d 668 (2003). Because the transcript contains a concise and detailed statement of the court's decision and reasoning, we will review the merits of the defendant's claim.

It is black letter law that "[t]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . .

"In many cases jurisdiction is immediately evident, as where the sheriff's return shows abode service in Connecticut. . . . *When, however, the defendant is a resident of Connecticut who claims that no valid abode service has been made upon her that would give the court jurisdiction over her person, the defendant bears the burden of disproving personal jurisdiction.* The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction unless sufficient evidence is introduced to prove otherwise." (Citation omitted; emphasis added; internal quotation marks omitted.) *Knutson Mortgage Corp.* v. *Bernier*, 67 Conn. App. 768, 771, 789 A.2d 528 (2002).

In *Collins* v. *Scholz*, 34 Conn. Sup. 501, 502, 373 A.2d 200 (1976), the Appellate Session of the Superior Court stated that "[w]hether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise." See also *Garden Mutual Benefit Assn.* v. *Levy*, 37 Conn. Sup. 790, 792, 437 A.2d 141 (1981).

It is well established that we review findings of fact under the clearly erroneous standard. *DiVito* v. *DiVito*, 77 Conn. App. 124, 137, 822 A.2d 294, cert. denied, 264 Conn. 921, 828 A.2d 617 (2003); see also Practice Book

§ 60-5. "A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *DiVito* v. *DiVito*, supra, 137.

Mindful of the foregoing legal principles, we now turn to the present appeal. The marshal's return of service indicated that he had served the defendant by leaving a true and attested copy of the complaint at her usual place of abode, 343 Peck Street. The defendant, however, testified that she had never lived at 343 Peck Street and had lived continuously at 231-33 Forbes Avenue since 1997. She further testified that she owned the building at 343 Peck Street and that she did have a mailbox at that location. She also admitted that she had been served at the Peck Street locations for various other foreclosure actions.[3]

Marshal Gerald V. Cappiello testified that he previously had gone to 343 Peck Street to do a tenant search and, while there, had spoken with the defendant. He stated that she informed him that if he had any papers for her in the future, he was to place them in her mailbox at 343 Peck Street. He further testified that he subsequently served the defendant by placing the documents in her mailbox at 343 Peck Street on five or six subsequent occasions.

---

[3] The parties stipulated that five other foreclosure actions had been commenced against the defendant in connection with various properties in New Haven and, in each action, the marshal's return showed that service was made at 343 Peck Street. Service in those actions occurred in January and February, 2002. The defendant paid the taxes on those other properties, and the foreclosure actions all were withdrawn.

The court made an express finding that the testimony of the marshal was more credible than the testimony of the defendant, and that the defendant had instructed the marshal to make service by placing the documents in her mailbox at 343 Peck Street. Furthermore, the defendant had accepted service at the 343 Peck Street mailbox for other foreclosure actions. Accordingly, the court found that in this case, valid service had been made at the defendant's usual place of abode.

The fact that the defendant testified that she lived continuously at the Forbes Avenue address since 1997 and that her driver's license and tax records indicate her address as being on Forbes Avenue did not mandate a finding that service be made there. Both this court and our Supreme Court have stated that "[o]ne may have two or more places of residence within a State . . . and each may be a usual place of abode. . . . *Service of process will be valid if made in either of the usual places of abode.*" (Emphasis added; internal quotation marks omitted.) *Knutson Mortgage Corp.* v. *Bernier,* supra, 67 Conn. App. 772; see also *Clegg* v. *Bishop,* 105 Conn. 564, 570, 136 A. 102 (1927).

We conclude that it was not clearly erroneous for the court to find that the defendant did not present sufficient evidence to disprove the existence of proper service. The court, therefore, had jurisdiction to render the judgment of foreclosure by sale against the defendant. Accordingly, the court properly denied the defendant's motion.

The judgment is affirmed.