******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

PEOPLE'S UNITED BANK, NATIONAL ASSOCIATION
*v.* KEVIN PURCELL ET AL.
(AC 40408)

Prescott, Elgo and Bear, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant P. A state marshal had served P at his usual place of abode and, after P was defaulted for failure to appear, the trial court rendered judgment of foreclosure by sale. P then filed a motion to open the judgment and to dismiss the plaintiff's action on the ground that the court lacked personal jurisdiction over him because he had never been served with the writ of summons and complaint. The court conducted an evidentiary hearing in which P provided two addresses and testified that his usual place of abode had been at a different address at the time service of process was made. In denying P's motion, the court determined that P's testimony was inconsistent and incredible, and credited the testimony of the state marshal, finding that it conformed with and expanded on the information in her return of service. On P's appeal to this court, *held* that the trial court did not abuse its discretion in denying P's motion to open the judgment and to dismiss the plaintiff's action, as P failed to demonstrate that the court's factual findings were clearly erroneous; that court was not required to conclude that service of process was required to be made at the different address that P claimed was his usual place of abode, as service of process was valid at either of P's addresses, the return of service stated that P was served at his usual place of abode, and the state marshal testified that a neighbor of P had told her that P lived at the address where she made service, which also was identified as P's address in a letter from P to the plaintiff, and the court properly weighed the credibility of the witnesses in making its findings of fact and in concluding that the defendant did not present sufficient evidence to show insufficient service of process on him by the state marshal.

Submitted on briefs November 26, 2018—officially released January 29, 2019

*Procedural History*

Action to foreclose a mortgage on certain real property of the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Hartford, where the named defendant was defaulted for failure to appear; thereafter, the court, *Robaina, J.*, granted the plaintiff's motion for a judgment of foreclosure and rendered judgment of foreclosure by sale; subsequently, the court, *Dubay, J.*, denied the named defendant's motion to open the judgment and to dismiss; thereafter, the court, *Dubay, J.*, issued an articulation of its decision and denied the named defendant's motion for reconsideration, and the named defendant appealed to this court. *Affirmed.*

*Loida John-Nicholson* filed a brief for the appellant (named defendant).

*Robert J. Piscitelli* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Kevin Purcell[1] appeals following the trial court's denial of his motion to open the judgment of foreclosure by sale and to dismiss the action. Specifically, the defendant claims that the trial court should have dismissed the action because it lacked personal jurisdiction over him due to insufficient service of process on him. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff, People's United Bank, National Association, commenced this action against the defendant on June 3, 2016, seeking to foreclose on his mortgaged property located at 180 Palm Street in Hartford. The state marshal's return of service indicated that she served the defendant by leaving the writ of summons and a copy of the complaint at the defendant's usual place of abode, the 180 Palm Street address.

On July 26, 2016, the defendant was defaulted for failure to appear. The court subsequently rendered a judgment of foreclosure by sale on October 31, 2016. On February 3, 2017, the defendant filed a motion to open the judgment and to dismiss the action, arguing that the court lacked jurisdiction over him because he was never served with the writ of summons and complaint.[2] After an evidentiary hearing, at which both the defendant and the marshal who served him by abode service testified, the court denied the defendant's motion to open the judgment and to dismiss the plaintiff's action, and set a new sale date.

The defendant next filed a motion to reargue his motion to open the judgment and for the court to reconsider its ruling, which the court also denied. The defendant then filed this appeal and subsequently moved for an articulation of the court's decision denying his motion to open the judgment and to dismiss the plaintiff's action. In its articulation, the trial court stated that it had credited the testimony of the marshal, noting that her testimony conformed with and expanded upon the information provided in her return of service. Moreover, the court also found that the defendant's testimony was "inconsistent and entirely incredible."

On appeal, the defendant argues that the court improperly denied his motion to open the judgment of foreclosure by sale and to dismiss the action for lack of personal jurisdiction. We disagree.

We first set forth the applicable legal principles and standard of review that guide our analysis. "We review a trial court's ruling on motions to open under an abuse of discretion standard. . . . Under this standard, we give every reasonable presumption in favor of a decision's correctness and will disturb the decision only where the trial court acted unreasonably or in a clear abuse of discretion. (Citations omitted; internal quota-

tion marks omitted.) *GMAC Mortgage, LLC* v. *Ford*, 178 Conn. App. 287, 294–95, 175 A.3d 582 (2017).

Further, "[t]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . . When . . . the defendant is a resident of Connecticut who claims that no valid abode service has been made upon her that would give the court jurisdiction over her person, the defendant bears the burden of disproving personal jurisdiction. The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction unless sufficient evidence is introduced to prove otherwise." (Citations omitted; internal quotation marks omitted.) *Knutson Mortgage Corp.* v. *Bernier*, 67 Conn. App. 768, 771, 789 A.2d 528 (2002).

"Whether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise." (Internal quotation marks omitted.) *Tax Collector* v. *Stettinger*, 79 Conn. App. 823, 825, 832 A.2d 75 (2003).

"It is well established that we review findings of fact under the clearly erroneous standard." Id., 825. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the trial court's ruling" (Internal quotation marks omitted.) *Gianetti* v. *Norwalk Hospital*, 304 Conn. 754, 765–66, 43 A.3d 567 (2012).

Our review of the record leads us to conclude that the defendant has not demonstrated that the court's findings of fact were clearly erroneous. The return states that the marshal served the defendant by leaving a true and attested copy of the complaint at 180 Palm Street, the defendant's usual place of abode. At the evidentiary hearing, the marshal testified that a neighbor of the defendant, when asked by the marshal, stated that the defendant lived at 180 Palm Street. Additionally, the plaintiff produced a letter from the defendant

addressed to the plaintiff, which, in its upper right corner, stated the defendant's address as 180 Palm Street.

Conversely, the defendant testified that he had not lived at 180 Palm Street for fourteen years and that his usual place of abode at the time of service was 86 Plainfield Street. When the defendant was asked to provide his name and address for the record, however, he provided two different addresses.[3] Although the defendant submitted an affidavit, his driver's license, tax records, and other documents to show that he no longer resided at 180 Palm Street, and that his place of abode at the time of service was 86 Plainfield Street, the court was not required to conclude that service was required to be made at that location. See *Tax Collector* v. *Stettinger*, supra, 79 Conn. App. 827. In fact, "[o]ne may have two or more places of residence within a [s]tate . . . and each may be a usual place of abode. . . . *Service of process will be valid if made in either of the usual places of abode.*" (Emphasis in original; internal quotation marks omitted.) Id.

In summary, the defendant moved to open the judgment of foreclosure by sale and to dismiss the action for lack of personal jurisdiction over him. The court held an evidentiary hearing on the motion. The defendant and the marshal testified at the hearing. The court, after finding that the defendant's testimony was inconsistent and entirely incredible and that the marshal's testimony was credible, denied the motion. On appeal, the defendant has not demonstrated that the court's factual findings were clearly erroneous. The court properly weighed the credibility of the witnesses in making its findings of fact and in concluding that the defendant did not present sufficient evidence to show insufficient service of process on him. The court thus did not abuse its discretion in denying the defendant's motion to open the judgment and to dismiss the action.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

[1] The other named defendants, Connecticut Light & Power Company, the city of Hartford, Esther Purcell, also known as Ester Purcell, and Saint Francis Hospital and Medical Center did not participate in this appeal. For clarity, we refer to Kevin Purcell as the defendant. Nonappearing parties included Nicole Morant, Unifund CCR Partners, and The Palisades Collection, LLC.

[2] Prior to the filing of the defendant's motion and the sale date, the court denied a motion to open the judgment that was filed by Esther Purcell, the defendant's mother and a co-owner of the property at issue. The sale date was subsequently reset for March 25, 2017.

[3] The defendant stated on the record that his home address was "196 Plainfield Street—Colebrook Street" in Hartford.